## Case No. 14,265.

### TURNER v. WILLIAMS.

[18 Int. Rev. Rec. 6.]

Circuit Court, S. D. Ohio. 1873.

INTERNAL REVENUE—DISTILLERS—ESTIMATES FROM SURVEY—EQUITABLE CLAIMS FOR ABATEMENT OF TAX.

This was an action brought [by Silas W. Turner] to recover money paid to Robert Williams, Jr., as collector of the Third district of Ohio, upon a second assessment made against plaintiff as a distiller. The plaintiff, for the month of September, 1868, made return as having mashed 1.167 44-100 bushels of grain, and produced 2,795 gallons proof spirits; that by reason of bursting one of the fermenting tubs, 10,907 gallons of mash, the product of 247 37-100 bushels of grain, was lost; that the surveyed capacity of plaintiff's distillery was 300 bushels of grain per day, and was capable of producing therefrom 900 gallons of spirits, or three gallons of spirits to the bushel; that having made return of his actual yield, exceeding eighty per cent. of his producing capacity, he was assessed and paid the assessment therefor. Subsequently he was reassessed for the difference between his return and the amount that he was estimated upon his survey to be able to produce from the amount of grain mashed without deduction for the material lost by the bursting of the fermenting tub. These facts being substantially set out in the petition the defendant demurred.

Warner M. Bateman, U. S. Atty., for defendant.

Bruce Wilson, for plaintiff.

THE COURT held, following the decision of the supreme court in the case of Stevenson v Beggs [17 Wall. (84 U. S.) 182], that the distiller was liable for the amount of spirits which the survey under the 10th section of the act of July 20, 1868 [15 Stat. 129], ascertained him to be able to produce from the material used, irrespective of the

---

[1] [Originally published from the MS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters. Jr.. Esq.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

amount which he may have in fact produced; nor could he be permitted to show a loss of material occurring subsequently to the beginning of the process by mashing for the production of spirits; that his only remedy was an appeal to the commissioner of internal revenue, who was vested by law with the authority to allow any equitable claims for abatement; that under the policy of the revenue laws no such power was possessed by the courts.